VINCENT J. MURPHY, PROSECUTOR, v. MEYER C. ELLEN-
STEIN ET AL., DEFENDANTS.

Argued October 6, 1937—Decided November 9, 1937.

Before Justices LLOYD, CASE and DONGES.

For the prosecutor, *Thomas L. Parsonnet, Andrew F.
Zazzali, Bertram A. Garrigan* and *Sidney Finkel.*

For the defendants, *James F. X. O'Brien, Simon Eng-
lander* and *Thomas M. Kane.*

PER CURIAM.

These cases are before us on writs of *certiorari* to review
certain actions of the board of commissioners of the city of
Newark. Prosecutor is a member of that board, and has
been designated as director of the department of revenue and
finance.

Case No. 233 brings up a resolution authorizing and direct-
ing prosecutor, as director of the department of revenue and
finance, to pay the salaries of persons holding offices or posi-
tions the legality of which is herein questioned. The conten-
tion of the prosecutor is that the persons sought to be paid
are not proper holders of offices and, therefore, are not entitled
to receive salary.

Case No. 234 brings up resolutions appointing members
of the board of public safety. It is claimed that this board

does not legally exist, and that, therefore, the appointments sought to be made are invalid.

No. 235 brings up a resolution appointing seven assistants to the corporation counsel. The argument of prosecutor is that only six such offices exist and further that the corporation counsel had not yet taken the oath of office when the appointments were made.

No. 237 brings up resolutions creating and appointing the members of the board of assessment for local improvements. Prosecutor here argues that this board had never been properly created by ordinance and, therefore, the resolutions under attack were improper. Subsequently an ordinance was adopted and the governing body again designated the same persons to hold the offices. Prosecutor claiming the right to make the appointments properly belonged to him, attempted to appoint other persons. The proceedings under the ordinance are under attack in *Murphy* v. *Board of Commissioners of Newark,* 119 *N. J. L.* 163.

No. 238 brings up two resolutions appointing an acting comptroller and an acting auditor of accounts, respectively. The contention of prosecutor is that the right to make these appointments lies in him as director of revenue and finance and, therefore, the appointment by the whole board was improper.

No. 239 brings up resolutions creating and appointing members of the board of assessment and revision of taxes. Here the contention is that this board was never properly created by ordinance and does not exist, and therefore no such appointments could be properly made. With respect to this board, also, an ordinance was subsequently adopted and the appointments again made, and these proceedings are also under attack in *Murphy* v. *Board of Commissioners of Newark,* 119 *N. J. L.* 163.

Amongst other things, the prosecutor also contends that the action of the board of commissioners in assigning the various bodies and officers above enumerated to the control of the board as a whole rather than to one of the departments of the municipal government was in violation of the statutes govern-

ing such matters. The propriety of that action is sought to be challenged directly in two cases argued with those presently being dealt with, namely Nos. 236 and 240, which will be discussed in a separate opinion.

As to the instant cases, we are of opinion that the essence of the controversy is the right of certain persons to occupy public offices of which they are now in possession. Such right may be challenged only directly by *quo warranto* and may not be brought into controversy indirectly on *certiorari*.

"The principle clearly deducible from the cases is, that *certiorari* is an appropriate remedy to remove out of the way of a prosecutor in possession of, and therefore presumptively entitled to, an office, any order, resolution or other action adverse to his rights, which may be unlawfully used to disturb him in the possession and enjoyment of such office or its emoluments. But when title to office is the avowed or real subject of controversy, then *quo warranto* is the exclusive legal remedy." *Loper* v. *Millville,* 53 *N. J. L.* 362.

"Obviously the purpose of the proceeding is to try the title of a *de facto* officer. This cannot be done on *certiorari* even by a claimant to the office, much less by a stranger. *Quo warranto,* and not *certiorari,* is the only appropriate proceeding in such a case." *Wilson* v. *Camden,* 63 *N. J. L.* 200.

In *Cooper* v. *Belleville,* 118 *Atl. Rep.* 332, it was sought to review on *certiorari* the action of the governing body in authorizing payment of salary to a patrolman. This court said: "We conclude, however, that while the prosecutors have a standing and are not in laches, there must be a dismissal of the writ for two reasons: In the first place, their claim is that Drake was not entitled to the moneys ordered paid him because he was neither *de facto* nor *de jure* a patrolman of the town of Belleville. He was undoubtedly recognized as such, however, by the commissioners, and the gist of the claim by the prosecutors necessarily amounts to an attack upon the title of a public officer which can be only by *quo warranto*. The title to a public office cannot be tried collaterally on an issue whether the party is entitled to salary. *Van Sant* v. *Atlantic City,* 68 *N. J. L.* 449; *Brennan* v. *Jersey City,* 104 *Atl. Rep.* 90.

"The second reason is that Drake is not a party to this proceeding, and it is, of course, fundamental that his rights cannot be determined unless he is brought into court."

In *Turtur* v. *Brokaw,* 4 *N. J. Mis. R.* 870, it was sought by *certiorari* to review the action of the city clerk in certifying one Turley on the payroll as license inspector, and it was held that the real controversy was the right of an incumbent to hold public office, which could be challenged only on *quo warranto*.

In *State* v. *Goodfellow,* 111 *N. J. L.* 604, the Court of Errors and Appeals said: "A challenge to his right to vote in these circumstances is a challenge to his occupancy of the office of councilman and his right to occupancy of that office cannot be challenged collaterally. It can only be challenged by a writ of *quo warranto* directed against him and not by indirection."

See, also, *Haines* v. *Camden County,* 47 *N. J. L.* 454; *Clayton* v. *Hudson County,* 60 *Id.* 364 *DuFour* v. *State Superintendent,* 72 *Id.* 371; *Bumsted* v. *Blair,* 73 *Id.* 378; *Schilstra* v. *Van den Heuvel,* 82 *N. J. Eq.* 612.

We are of the opinion that the instant cases are in effect an attempt to challenge the right of certain persons to occupy certain public offices to which they have been appointed by the city commission and which they now occupy. Conceiving that the city commission was without power to make the appointments, prosecutor likewise made appointments to some of the offices. Such an attack as is here attempted to be made on the right of incumbents to hold office may not be done by indirection on *certiorari* to review resolutions appointing them and authorizing payment of compensation, but only on *quo warranto* directed against the incumbents.

The six writs of *certiorari* are dismissed, with costs.